IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT L. MARQUEZ,

    Plaintiff,

vs.                                                           Civ. No. 04-1238 JP/ACT

CABLE ONE, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

        This is a Title VII retaliation case arising from a criminal prosecution of Plaintiff which occurred approximately three years after the Plaintiff and Defendant settled Plaintiff's Title VII discrimination case against the Defendant. On March 8, 2005, the Defendant filed Defendant's Notice of Motion and Motion to Dismiss the Complaint for Failure to State a Claim or for Summary Judgment, and Memorandum in Support (Doc. No. 6). Having reviewed the briefs and relevant law, the Court finds that Defendant's motion should be granted and that Plaintiff's claims against Defendant should be dismissed with prejudice.

        The Plaintiff initially complains that Defendant's motion should not be treated as a Fed. R. Civ. P. 56 motion for summary judgment although the motion clearly indicates that it includes a motion for summary judgment. Even if Defendant's motion was merely a Rule 12(b)(6) motion to dismiss, it nonetheless can be converted into a motion for summary judgment if there is "notice and opportunity for the parties to present relevant evidence." *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 U.S. 858 (1997)(citations omitted). "The required notice may be actual or constructive, and in some circumstances, courts have concluded that the submission of evidentiary materials by the movant, the nonmovant, or

both of them constitutes sufficient notice." *Id*.  In this case, the Plaintiff had actual notice that the Defendant was presenting a motion for summary judgment because of the explicit wording in the title and body of the motion and the Defendant's submission of evidentiary materials with the motion.  Consequently, the Court finds that the Defendant's motion either includes on its face a motion for summary judgment or was properly converted into a motion for summary judgment.

Next, the Plaintiff argues that the motion for summary judgment is not proper because he has not had an opportunity to engage in discovery.  Fed. R. Civ. P. 56(f) allows a court to continue or stay a motion for summary judgment so that a nonmovant has an opportunity to obtain discovery in order to respond to the motion for summary judgment.  Rule 56(f) also requires that the nonmovant provide an affidavit justifying the need for further discovery.  The Tenth Circuit has summarized Rule 56(f) requirements as follows:

> A prerequisite to granting relief [pursuant to Rule 56(f)] ... is an affidavit furnished by the nonmovant. Although the affidavit need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts. In this circuit, the nonmovant also must explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact. ... [C]ounsel's unverified assertion in a memorandum opposing summary judgment does not comply with Rule 56(f) and results in a waiver.

*Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir.1992) (citations omitted).  If a nonmovant fails to file an affidavit under Rule 56(f), "there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 832-33 (10th Cir.1986).  Moreover, Rule 56 does not require that discovery be completed before a party can file a motion for summary judgment. *Weir v. Anaconda Co.*, 773 F.2d 1073, 1081 (10th Cir.1985).  Here, the Plaintiff clearly has failed to file

an affidavit or to in any way comply with Rule 56(f)'s requirement for explaining the need for discovery. The Court, therefore, finds that Rule 56(f) does not preclude the Court from considering Defendant's motion for summary judgment at this time.

Next, the Plaintiff argues that the Defendant is improperly avoiding the filing of an answer by filing a motion to dismiss that is really just a motion for summary judgment. Plaintiff cites to *Ricke v. Armco, Inc.*, 158 F.R.D.149 (D. Minn. 1994) to support this argument. In *Ricke*, the motion to dismiss which the district court found was really a motion for summary judgment did not identify a Rule 12(b)(6) standard of review nor did it even cite to Rule 12(b)(6). *Id*. at 149. The district court in *Ricke*, however, recognized that the Federal Rules of Civil Procedure allow a motion to dismiss to be converted to a motion for summary judgment prior to an answer being filed. *Id*. at 150.

In this case, the Defendant cites to Rule 12(b)(6) and the requisite "failure to state a claim upon which relief can be granted" standard. Moreover, the Court notes that the precedential value of *Ricke* is limited considering it is a district court opinion from another circuit and that only a West Virginia state case has cited to it. In addition, the Tenth Circuit has held that when a motion to dismiss seeking to dismiss all claims is filed prior to the filing of an answer and the district court converts that motion to dismiss into a motion for summary judgment, the motion for summary judgment is viewed as "an effort to 'otherwise defend,' and is sufficient to prevent default judgment." *Hise v. Philip Morris Incorporated*, 2000 WL 192892 **3 (10th Cir.), *cert. denied*, 531 U.S. 959 (2000). Because *Ricke* is distinguishable from this case and has little precedential value and because Defendant's motion to dismiss can be converted into a motion for summary judgment, Plaintiff's argument that Defendant is trying to improperly avoid answering

3

the complaint fails.

Based on the Defendant's statement of undisputed facts, which Plaintiff has not contested as required by Rule 56 to create a genuine issue of material fact, it appears that: the Defendant's reports of criminal activity were based upon a reasonable, good faith belief in the truthfulness of those reports; the Defendant was not the initiator of the criminal prosecution; there was no misuse of process; the Plaintiff has failed to meet his burden of demonstrating a lack of probable cause; the Defendant did nothing more than seek to protect its own legitimate interests; there is a lack of evidence of improper, culpable motive on Defendant's part; the September 27, 2000 settlement agreement bars any claims of retaliation based upon events occurring on or before September 27, 2000; and the Plaintiff's claim in any event is barred by the statute of limitations. The Defendant, therefore, has met its initial burden under Rule 56 of showing its entitlement to a grant of summary judgment while the Plaintiff has failed to "either establish the existence of a triable issue of fact under Fed. R. Civ. P. 56(e) or explain why he cannot present facts to justify his opposition under Rule 56(f)." *Pasternak*, 790 F.2d at 832. The Court concludes that the Defendant's motion for summary judgment should be granted on its merits.

IT IS ORDERED that Defendant's Notice of Motion and Motion to Dismiss the Complaint for Failure to State a Claim or for Summary Judgment, and Memorandum in Support (Doc. No. 6) will be granted and that a separate summary judgment in favor of Defendant dismissing Plaintiff's claims with prejudice will be entered contemporaneously with the entry of this Memorandum Opinion and Order.

 _____
SENIOR UNITED STATES DISTRICT JUDGE